# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JONATHAN ANTWAN FOSTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 5:13-cv-01509-VEH-SGC |
| ) | |
| KENNETH JONES, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

The court's memorandum opinion and final judgment entered on September 30, 2016 (Docs. 15-16), are **WITHDRAWN** and the instant memorandum opinion and accompanying final judgment are **SUBSTITUTED** in their place.

On August 1, 2016, the magistrate judge entered a report (Doc. 10) recommending this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied on the merits. The report and recommendation provided petitioner fourteen days in which to object. (Doc. 10 at 7-8). Petitioner filed a motion seeking a thirty (30) day extension of time to object, citing his *pro se* status and the difficulty of performing legal research in prison. (Doc. 11). The magistrate judge granted the motion, specifying that objections would be due on September 10, 2016. (Doc. 12). On September 12, 2016, the court received Petitioner's motion seeking a second thirty

1

(30) day extension of time in which to file objections. (Doc. 13). The second motion for extension was based on the same grounds as the first motion. (*See* Docs. 11, 13). The magistrate judge denied the second motion and ordered Petitioner to submit any objections by September 20, 2016. (Doc. 14). After no objections were filed, the court entered: (1) a memorandum opinion adopting and accepting the magistrate judge's report and recommendation; and (2) a final judgment denying the petition. (Docs. 15-17).

On October 24, 2016, the court received a filing styled as Petitioner's objections to the report and recommendation. (Doc. 17). The objections were dated September 16, 2016–more than a month before the court received the document. (Doc. 17). Accordingly, petitioner's objections are treated as timely under the so-called "prison mailbox rule."

The majority of Petitioner's objections attack the weight of the evidence at trial. (*See generally* Doc. 17). These arguments were not raised in the petition and, even if they had been, would have been more appropriately raised on direct appeal. Petitioner's remaining objections merely repeat the arguments already asserted but do not address the deficiencies noted in the report and recommendation. Accordingly, Petitioner's objections fail and are hereby **OVERRULED**.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report of the magistrate judge and **ACCEPTS** her recommendations. Accordingly, the court finds that Petitioner's claims are due to be denied. The court further concludes that a certificate of appealability is due to be denied.

A separate order will be entered.

**DONE** and **ORDERED** this 28th day of October, 2016.

_/s/ VEHopkins_
**VIRGINIA EMERSON HOPKINS**
United States District Judge